**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAKHAWAT HOSSAIN,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 16-73734<br><br>Agency No. A200-159-768<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Shakhawat Hossain, a native and citizen of Bangladesh, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's conclusions that the threats and harassment Hossain suffered in Bangladesh did not rise to the level of persecution, *see Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (threats did not compel finding of past persecution), and that Hossain failed to establish it is more likely than not that he would be persecuted on account of his political opinion, *see Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Hossain's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of Hossain's CAT claim because he failed to establish that it is more likely than not that he will be tortured by or with the acquiescence of the government in Bangladesh. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject Hossain's contentions that the BIA ignored evidence, or violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error required to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**

16-73734